91 F.3d 166
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
LARAMI CORPORATION, Plaintiff-Appellee,
v.
Alan AMRON, Defendant-Appellant,
and
Talk To Me Products, Inc., Defendant.
 No. 95-1317.
 United States Court of Appeals, Federal Circuit.
 April 19, 1996.
 
 Before NEWMAN, MICHEL, and PLAGER, Circuit Judges.
 PLAGER, Circuit Judge.
 
 
 1
 Alan Amron appeals the judgment entered by the United States District Court for the Eastern District of Pennsylvania in an action filed by Larami Corporation against Mr. Amron and Talk To Me Products, Inc. ("TTMP").[1] Larami sought a declaration that its "Super Soaker" series of pressurized-air water guns did not infringe Patent No. 4,239,129 (the '129 patent), owned by TTMP, which is directed to a pressurized-air water gun with certain noise- and light-generating characteristics. Larami also sought damages under the federal Lanham Act and state law theories of defamation, commercial disparagement, and tortious interference with existing and prospective contractual relations. Larami asserted that Mr. Amron and TTMP repeatedly notified Larami's customers and other members of the toy trade that Larami was infringing TTMP's patent and trademark rights, in order to dissuade them from doing business with Larami and thereby induce Larami to essentially buy off Mr. Amron and TTMP with royalty payments on sales of the Super Soaker toys. The jury found for Larami on all counts and assessed $10,000,000 in compensatory damages. The district court, on Larami's motion, entered judgment in this amount jointly and severally against Mr. Amron and TTMP. TTMP does not join Mr. Amron's appeal of the judgment.
 
 
 2
 After considering carefully the many procedural and substantive issues presented by the parties in this appeal, we affirm the district court's judgment in favor of Larami entered on the basis of the jury's verdict. Only one aspect of the district court's proceedings, the trial judge's instructions to the jury concerning the falsity of statements made by TTMP through Mr. Amron that Larami infringed TTMP's patent or trademark rights, warrants further comment. Assuming arguendo that Mr. Amron has preserved a right to challenge these jury instructions on appeal, and assuming further that the district court erred in its instruction by treating as an erroneous fact certain statements of opinion by Mr. Amron, made to the trade, that Larami was infringing, we conclude nonetheless that any error was harmless. The trial judge properly instructed the jury that a good faith or reasonable belief by Mr. Amron and TTMP in the truth of its infringement charges would preclude a finding of liability under the relevant counts. The jury found for Larami on each of these counts, and there is substantial evidence in the record to support these findings. Each count addresses the same alleged misconduct and each independently supports the jury's damages award.
 
 
 3
 Nor do we detect any reversible error in the district court's rulings that Larami's Super Soaker guns do not infringe the '129 patent and that personal jurisdiction lay in the court over Mr. Amron. Accordingly, we affirm the final judgment of the district court.
 
 
 4
 Each party to bear its own costs.
 
 
 
 [1]
 Mr. Amron is President of TTMP, one of its two employees, and one of its three shareholders